UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICKEY GIPSON (#325027), Plaintiff | CIVIL ACTION NO. 1:17-CV-1394-P |
| VERSUS | JUDGE DEE D. DRELL |
| SANDY MCCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Rickey Gipson (#325027) ("Gipson"). Gipson was granted leave to proceed *in forma pauperis*. (Doc. 8). Gipson is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Gipson complains that his constitutional rights are being violated by exposure to environmental tobacco smoke ("ETS"). Gipson names as defendants Warden Sandy McCain, Deputy Warden Troy Poret, Assistant Warden Blaine Villemarette, Secretary James LeBlanc, and the State of Louisiana through Jeff Landry, each in his individual and official capacities. (Doc. 1, pp. 3, 6). Gipson seeks monetary damages, as well as declaratory and injunctive relief.

I. Background

Gipson complains that officials at RLCC are subjecting him to harmful levels of ETS. Gipson alleges that Defendants allow inmates to purchase ten cans of

smokeless tobacco per week. (Doc. 1, p. 7). The inmates dry the tobacco in the microwave and roll it into pages from the Bible for smoking. (Doc. 1, p. 7).

Gipson previously filed an ETS suit against officers at Winn Correctional Center, where he was previously incarcerated, and that suit remains pending in this Court. (1:14-cv-2278).

## II. Law and Analysis

### A. Gipson must amend his complaint.

Gipson seeks monetary damages, as well as declaratory and injunctive relief. Gipson has not alleged any physical injury, which is required for Gipson to recover damages. See Field v. Corrections Corp. of America, Inc., 364 Fed. Appx. 927, 930 (5th Cir. 2010) (per curiam) (failure to show injury prevented recovery of damages); Herman v. Holiday, 238 F.3d 660, 665-66 (prisoner may not recover damages without a showing of specific physical injury). Gipson should amend his complaint to state whether he has suffered any physical injury as a result of the ETS exposure. If Gipson has suffered no physical injury, he should dismiss his claim for monetary damages.

## III. Conclusion

**IT IS ORDERED** that Gipson amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above.

Gipson's failure to comply with this order may result in the dismissal of his action under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 29th day of January, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge