UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICKEY GIPSON (#325027), Plaintiff | CIVIL ACTION NO. 1:17-CV-1394-P |
| VERSUS | JUDGE DEE D. DRELL |
| SANDY MCCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Rickey Gipson (#325027) ("Gipson"). Gipson was granted leave to proceed *in forma pauperis*. (Doc. 8). Gipson is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Gipson complains that his constitutional rights are being violated by exposure to environmental tobacco smoke ("ETS"). Gipson names as Defendants Warden Sandy McCain, Deputy Warden Troy Poret, Assistant Warden Blaine Villemarette, Secretary James LeBlanc, and the State of Louisiana through Jeff Landry, each in individual and official capacities. (Doc. 1, pp. 3, 6). Gipson seeks monetary damages, as well as declaratory and injunctive relief.

Gipson's claims against the State of Louisiana and Secretary LeBlanc should be dismissed based on sovereign immunity and the failure to state a claim of supervisory liability.

I. Background

Gipson complains that officials at RLCC are subjecting him to harmful levels of ETS. Gipson alleges that Defendants allow inmates to purchase ten cans of smokeless tobacco per week. (Doc. 1, p. 7). The inmates dry the tobacco in the microwave, roll it in Bible pages, and smoke it. (Doc. 1, p. 7). Gipson alleges that Defendants McCain, Poret, and Villemarette do not enforce the no-smoking policy. In response to Gipson's grievance, Defendants state that the policy is enforced. (Doc. 1-2, p. 6).

Gipson was ordered to amend his complaint to allege any physical injury suffered. In his amended complaint, Gipson states that his "allergy was being aggravated" from the smoke. Gipson also complains that he suffers from "severe headaches, burning, and teary eyes; running nose; and sneezing that sometimes causes pain in my chest." (Doc. 12, p. 3).

Gipson previously filed a similar ETS suit against officers at Winn Correctional Center ("WCC"), where he was previously incarcerated. (1:14-cv-2278). Dismissal of that suit has been recommended pursuant to a motion for summary judgment filed by the defendants in that case. (1:14-cv-2278).

II. Law and Analysis

A. Gipson's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Gipson is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See

Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003).  Because Gipson is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

      B.      Gipson's claims are barred, in part, by sovereign immunity.

A suit against a state official or employee in his or her official capacity is actually a suit against the state itself.  See Hafer v. Melo, 502 U.S. 21, 25 (1991).  The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity.  See Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 280 (5th Cir. 2002).  By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La. Rev. Stat. Ann. § 13:5106(A).  Thus, Gipson's claims for monetary damages against James LeBlanc in his official capacity as DOC Secretary and against the State of Louisiana are barred by sovereign immunity.

"Under Ex Parte Young, a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law."  McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 412 (5th Cir. 2004) (citation omitted); see also Frew v. Hawkins, 540 U.S. 431, 437 (2004)

(noting that the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law). Gipson's claim for prospective relief against Secretary LeBlanc is not barred by sovereign immunity. Nonetheless, Gipson cannot state a claim for prospective injunctive relief against Secretary LeBlanc.

As this Court stated in Gipson's ETS case against WCC, in 2009, a no-smoking rule was implemented by state statute inside all prisons in Louisiana. See La. R.S. 40:1291.11(B)(14). (1:14-cv-2278, Doc. 108, p. 7). It was Secretary LeBlanc's duty to direct the prisons to implement the statute, and he apparently did so. Specifically, Gipson states that, per the statute, RLCC stopped selling cigarettes. (Doc. 1, p. 5).

As this Court stated in Gipson's prior ETS suit:

> LeBlanc is a state-wide policy-maker for the Department of Corrections. He was responsible for directing the prison officials to implement the new ban on indoor smoking in all prisons (including WCC) and, according to Gipson's evidence, LeBlanc did that. Moreover, Gipson has not pointed to any evidence that indicates LeBlanc was deliberately indifferent to Gipson's serious medical need to be in a smoke-free environment. To the contrary, LeBlanc told the prisons to ban all indoor-smoking.

(1:14-cv-2278, Doc. 108, p. 8). In this case, Gipson also acknowledges that RLCC is in compliance with the state statute and no longer sells cigarettes in the prison store.

Although Gipson claims that inmates continue to smoke smokeless tobacco, and guards do nothing about it, Secretary LeBlanc does not supervise or control the day-to-day operations or employees of RLCC.

### C. Gipson cannot establish individual liability of Secretary LeBlanc.

To the extent that Gipson claims Secretary LeBlanc is liable as a supervisor, his claim fails. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992) (citing Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). "Vicarious liability does not apply to § 1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994).

As previously stated, Secretary LeBlanc does not supervise or control the day-to-day operations and employees of RLCC. Gipson has not claimed personal involvement by Secretary LeBlanc in the alleged failure of RLCC to enforce the no-smoking policy at RLCC, nor has he alleged the implementation of an unconstitutional policy by Secretary LeBlanc.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Gipson's claims for relief against the State of Louisiana and Secretary LeBlanc be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b) and § 1915A. Gipson's claims for monetary and injunctive relief against the remaining Defendants will be served pursuant to a separate Court order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __9th__ day of April, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge