UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICKEY GIPSON                                         CIVIL ACTION NO. 1:17-1394-P

VERSUS
                                                      JUDGE DEE D. DRELL
JAMES LEBLANC, ET AL.                                 MAG. JUDGE PEREZ-MONTES

RULING

Before the court is a civil rights complaint filed by *pro se* plaintiff Rickey Gipson ("Gipson") in October 2017 for violation of his Eighth Amendment rights due to exposure to environmental tobacco smoke ("ETS"). (Doc. 1).

Gipson, an inmate in the custody of the Louisiana Department of Corrections, was granted leave to proceed *in forma pauperis* (Doc. 8). At the time he filed the instant complaint, Gipson was incarcerated at Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana.

I.   Background

Gipson complains the defendants[1], Warden Marcus Meyers and Deputy Warden Troy Poret ("Defendants"), violated his constitutional rights by allowing him to be exposed to ETS. Gipson alleges Defendants do not enforce the no-smoking policy which has been in effect since 2009. Instead, they allow inmates to purchase up to ten cans of smokeless tobacco per week which they then dry in the microwaves, roll in pages from bibles, and smoke thereby subjecting him to harmful levels of ETS. Gipson asserts that his exposure to ETS aggravates his allergies and results in

---

[1] In his complaint and amended complaint, Gipson named James LeBlanc, W. Sandy McCain, Troy Poret, Blaine Villemarette, and the State of Louisiana as defendants. In April 2018, Gipson's claims against the State of Louisiana and Secretary LeBlanc were dismissed with prejudice based upon sovereign immunity and failure to state a claim of supervisory liability (Doc. 15). In October 2019, Gipson's claims against Blaine Villemarette were dismissed without prejudice for failure to effect service of process. (Doc. 39). In July 2020, following the "Suggestion of Death" filed by defense counsel (Doc. 62), the court removed Warden Sandy McCain from the record of the case. (Doc. 63). Warden Marcus Meyers was substituted in the place of Warden McCain.

"severe headaches, burning, and teary eyes; runny nose; and sneezing that sometimes causes pain in [his] chest."

Gipson seeks compensatory and punitive damages as well as declaratory and injunctive relief.

Defendants[2] initially filed a motion for summary judgment on October 26, 2018 seeking dismissal of Gipson's claims. (Doc. 29). Defendants argued that Gipson could not establish deliberate indifference as RLCC had a non-smoking policy in place and Gipson could not allege, much less prove, an injury as a result of exposure to ETS. We denied the motion noting that while the existence of a non-smoking policy is evidence to refute a claim of deliberate indifference, it is not conclusive evidence. We also explained that in Eighth Amendment ETS cases, the plaintiff need not have incurred an injury.

Defendants have now filed the instant motion for summary judgment arguing that Gipson cannot establish deliberate indifference as they made "continuous, concerted, and deliberate efforts to enforce" the no-smoking policy.

II.   Law and Analysis

A. Summary Judgment Standard

Summary judgment is appropriate when the evidence shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is considered "material" in the context of the court's analysis when its existence or nonexistence affects the outcome of one or more claims under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a material fact

---

[2] Defendants at that time included Warden Sandy McCain and Troy Poret.

is "genuine" when the evidence would permit a reasonable fact finder to render a verdict in favor of the nonmoving party. Id.

The moving party bears its burden by supporting its motion with specific portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any which it believes demonstrate the absence of any genuine dispute of material fact in the case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Anderson, 477 U.S. at 247). A defendant will meet this burden when it shows a lack of evidence to support plaintiff's claim on an issue as to which plaintiff will bear the burden of proof at trial and plaintiff is unable, in response, to produce summary judgment evidence sufficient to sustain a finding in plaintiff's favor on the issue. James v. State Farm Mut. Auto Ins. Co., 743 F.3d 65, 68 (5th Cir.2014) (quoting Kovacic v. Villarreal, 628 F.3d 209, 212 (5th Cir.2010).

We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011)(internal quotations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

B. ETS and the Eighth Amendment

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). A prison official is deliberately indifferent

if he knows of an "excessive risk to inmate health and safety" and disregards that risk. Farmer, 511 U.S. at 837.

In Helling v. McKinney, 509 U.S. 25, 33-35 (1993), the Supreme Court held that prison officials may violate the Eighth Amendment's prohibition against cruel and unusual punishment by exposing inmates to excessive levels of ETS. The court developed a two-prong test to determine whether an inmate's exposure to ETS resulted in a transgression of constitutional proportions. Id.

To prove unconstitutional prison conditions, inmates need not show that death or serious injury has already occurred. They need only show that there is a substantial risk of damage to the plaintiff's future health. Helling, 509 U.S. at 35. Accordingly, to obtain relief, a prisoner must prove not only that the level of ETS to which he is exposed is unreasonable (the objective factor), but also that the prison officials have shown "deliberate indifference" to the health risks associated with second hand smoke (the subjective factor). Id. at 35-36.

1. The objective element

The objective factor not only embraces scientific and statistical inquiry into the harm caused by ETS but also whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Defendants do not present an argument in opposition to this prong of the two-part test and there is no need to. Defendants acknowledge that inmates dry smokeless tobacco in microwaves and smoke the dried tobacco. Thus, Gipson has been exposed to ETS. We continue to take judicial notice of the Surgeon General's 2006 report[3] which stated that scientific evidence indicates there are no safe

---

[3] See Hicks v. Correctional Corp. of America, 2009 WL 2969768, *6-7 (W.D.La. 2009). See also Davis v. McCain, 2018 WL 4936566, *4 (W.D. La.2018); Tillmon v. Keith, 2016 WL 662470, *1 (W.D.La. 2016); Samuels v. Terrell, 2015 WL 4092868, *5 (W.D. La. 2015); Samuels v. Arnold, 2014 WL 1340064, *3 (W.D.La. 2014); Williams v. Johnson, 2014 WL 2155211, *4 (W.D. La. 2014).

4

levels or exposures to ETS. We also note that since August 15, 2009, Louisiana, via the Louisiana Smoke-free Air Act, has banned smoking in public facilities, including any state, local, or private correctional facility, evincing society's increasing intolerance to ETS. La.R.S. 40:1291.11(B)(14). Thus, we find the objective prong is satisfied.

2. The subjective element

Defendants do argue that Gipson cannot meet his burden of proof as to the second prong of the two-part test. Subjectively, the plaintiff must prove the defendant's deliberate indifference considering the officials' current attitudes and conduct and any policies that have been enacted. Hicks, 2009 WL 2969768, *5. The adoption of a smoking policy bears heavily upon the inquiry into deliberate indifference. Helling, 509 U.S. at 35. However, the adoption of a policy is not conclusive as defendants may not take action to enforce the policy. Id.

Deliberate indifference will be found only where the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). The official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" Id.

Defendants presented summary judgment evidence that they have enforced RLCC's no-smoking policy. Sworn affidavits of both Warden Meyers and Assistant Warden Poret as well as evidence submitted in support of the motion establish Defendants have taken numerous steps to enforce the no-smoking policy and have done so consistently. They have posted notice of the policy throughout RLCC; instructed RLCC Corrections Officers to issue Disciplinary Reports to any inmate smoking smokeless tobacco or drying it in microwaves; and authorized "shake-downs"

in an effort to discover the contraband. Corrections Officers have issued numerous Disciplinary Violations to those caught smoking, and when caught, the offenders are not only written up but they lose privileges and the microwaves are taken out of the dorm.

Gipson baldly asserts that Defendants are not taking the aforementioned steps but bald assertions do not make competent summary judgment evidence. Accordingly, we do not find Gipson has created an issue of fact with respect to deliberate indifference.

III.    Conclusion

In light of the foregoing, the Defendants are entitled to summary judgment. The court will issue a judgment in conformity with these findings.

**THUS DONE AND SIGNED** this 3RD day of JANUARY 2022, at Alexandria, Louisiana.

**JUDGE DEE D. DRELL**
**UNITED STATES DISTRICT COURT**